UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY BRUMBAUGH, | ) | |
| | ) | No. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adams County No. 07-L-61 |
| | ) | |
| NELSON TREE SERVICE, INC., | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant, **Nelson Tree Service, Inc.**, by its attorneys, **Schmiedeskamp, Robertson, Neu & Mitchell, LLP**, pursuant to 28 U.S.C. §§1441 and 1446, removes the above-referenced case to the United States District Court for the Central District of Illinois, Springfield Division. In support of removal, the Defendant states as follows:

1. Plaintiff filed this action in the Circuit Court of the Eighth Judicial Circuit, Adams County, Illinois, to recover damages against the Defendant.

2. The Defendant was served on March 6, 2008. This Notice of Removal is timely filed within 30 days of the date Defendant was served.

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

4. The controversy in this action is between citizens of different states. Plaintiff is a citizen and resident of the State of Illinois, and the Defendant is a citizen and resident of the State of Ohio. Defendant is an Ohio corporation with its principal place of business at 3300 Office Park Drive, Dayton, Ohio 45439.

5.  Based on pleadings filed to date, the amount in controversy will exceed $75,000, exclusive of interest and costs. Plaintiff seeks recovery for wrongful termination of employment, including doubled back pay and trebled consequential damages.

6.  A copy of the summons issued for service, as well as copies of all pleadings filed to date, accompany this Notice of Removal.

WHEREFORE, Defendant, Nelson Tree Service, Inc., requests that this Court accept jurisdiction of this action.

s/            James A. Hansen
James A. Hansen IL Bar #6244534
Attorney for Defendant, Nelson Tree Service, Inc.
Schmiedeskamp, Robertson, Neu & Mitchell
525 Jersey Street, P. O. Box 1069
Quincy, IL 62306-1069
Telephone: (217) 223-3030
Facsimile: (217) 223-1005
E-mail: jhansen@srnm.com

## AFFIDAVIT OF SERVICE

The undersigned, on the 24th day of March, 2008 at 5:00 p.m., deposited a copy of this document, postage prepaid, in the United States Mail, addressed to:

Anthony B. Cameron
529 Hampshire Street, Suite 511
Quincy, IL 62301

Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

*[signature]*

2

E-FILED
Tuesday, 25 March, 2008  04:42:27 PM
Clerk, U.S. District Court, ILCD

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
OF ILLINOIS, ADAMS COUNTY

| | |
|---|---|
| LARRY BRUMBAUGH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2007-L-61 ) ) JURY DEMAND |
| NELSON TREE SERVICE, INC., | ) ) ) |
| Defendant. | ) |

## SUMMONS

To:   Nelson Tree Service, Inc.

You are summoned and required to file an answer to the Complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the Clerk of this Court within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

Witness  2-27-08

(Seal of Court)

By: _Randy E. Frese_
Randy Frese, Clerk of Court

ANTHONY B. CAMERON - 0374555
Attorney for Plaintiff
529 Hampshire Street, Suite 511
Quincy, IL  62301
Telephone: (217) 228-8669
Telefax:    (217) 228-2225
Email: dacamara@adams.net
Our File No. 07-1109

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
OF ILLINOIS, ADAMS COUNTY

LARRY BRUMBAUGH, )
)
Plaintiff, )
)
v. ) No. 2007-L-61
)
) JURY DEMAND
)
NELSON TREE SERVICE, INC., )
)
Defendant. )

FILED
NOV 0 9 2007
Randy E. Frese
Clerk Circuit Court 8th Judicial Circuit
ILLINOIS, ADAMS CO.

## COMPLAINT

Now comes the Plaintiff, Larry Brumbaugh, by Anthony B. Cameron, his attorney, and for his Complaint against Nelson Tree Service, Inc., states:

### THE PARTIES

1. Larry Brumbaugh is a resident of the State of Illinois and was, prior to the acts complained of herein, employed through the IBEW union hall (not a party hereto) as a foreman for Nelson Tree Service, Inc.;

2. Nelson Tree Service, Inc. is a foreign corporation, duly authorized to do business in the State of Illinois, and doing such business in Quincy, Adams County, Illinois, as directed by a public utility, Ameren/CIPS (not a party hereto);

### COUNT I – RETALIATORY DISCHARGE/
### WHISTLEBLOWER REWARD AND PROTECTION ACT

3. Plaintiff incorporates each and every paragraph of the introductory segment of this Complaint entitled **THE PARTIES** into this Count I as if same were set forth herein in *haec verba*;

4. At all times pertinent hereto, there was in full force and effect a version of the Illinois Whistleblower Protection Act, 5 ILCS 430/15 et seq., and, as amended, 740 ILCS 174/1 et seq., and the Whistleblower Reward and Protection Act, 740 ILCS 175/1, et seq.;

5. At all times pertinent hereto, Defendant was an "employer" as set forth in the definitions of the Whistleblower Reward and Protection Act;

6. (a) On or about November 9, 2006, Plaintiff reported corrupt and fraudulent travel practices to management in the person of Todd Cox, orally and in writing, in the form of an incident report;

(b) On or about November 15, 2006, your Plaintiff reported said corrupt and fraudulent travel practices and safety violations including employees with no driver's license and convicted felons impermissibly on the job to John Swank, a member of management;

(c) On or about November 16, 2006, your Plaintiff reported said corrupt and fraudulent travel practices and safety violations including employees with no driver's license and convicted felons impermissibly on the job to Ralph Thurmond, a member of management;

(d) The cost of said fraudulent practices was necessarily to be passed on to the public utility;

7. (a) Corrupt and fraudulent travel practices in relation to a public utility are now and were at all times pertinent hereto against the public policy of the State of Illinois;

(b) Concealing or "covering up" travel fraud and corruption impacting a public utility is now and was at all times pertinent hereto against the public policy of the State of Illinois;

(c) Unsafe workplace practices in and around public utility lines and equipment is now and was at all times pertinent hereto against the public policy of the State of Illinois;

8. As a matter of law, your Plaintiff's report entitled your Plaintiff to the protection of the Act;

9. Your Plaintiff was exposed to undue scrutiny, false accusations of failing to perform certain functions, demoted, tendered non-emergency work in remote areas more than 100 miles from his home, and ultimately terminated as set forth below, including becoming immediately laid off on November 9, 2006;

10. Ultimately, on June 22, 2007, Defendant terminated Plaintiff, for an alleged refusal of work;

11. Upon information and belief, your Plaintiff asserts the difficulty inflicted upon him by Defendant and the ultimate decision to terminate him was in direct retaliation to his protected activity of reporting impermissible practices which traversed the public policy of the State of Illinois.

WHEREFORE, your Plaintiff prays for all of his rights and remedies under the Act, including without limitation to:

A. Restoration to work;

B. Two times back pay;

C. All attorney's fees;

D. Damages of all other consequential types and the tripling of said damages after a basic damage figure is arrived upon;

E. The exercise of the supervisory power of this court to prevent similar retaliatory behavior upon his return to the workplace;

F. For such other and further relief as the Court may deem just and lawful in the premises; and

G. For his costs.

LARRY BRUMBAUGH, Plaintiff,

By _____
Anthony B. Cameron,
His Attorney

STATE OF ILLINOIS        )
                         ) SS.
COUNTY OF ADAMS          )

Larry Brumbaugh, having been first duly sworn upon his oath, deposes and says that he has read the foregoing Complaint and has knowledge of the content thereof, and that the same is true in substance and in fact to the best of his information, knowledge and belief.

                                              Larry Brumbaugh

Subscribed and sworn to before me, a Notary Public, this 9th day of November, 2007.

"OFFICIAL SEAL"
LINDA K. MEADO
Notary Public, State of Illinois
My Commission Expires 06/07/08

                                              Notary Public

## CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the allegations set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true. Furthermore, the amount of money damages sought in this lawsuit exceeds $50,000.00.

Dated: November 9, 2007

                                              Larry Brumbaugh, Plaintiff

## JURY DEMAND

Plaintiff, Larry Brumbaugh, demands a trial by jury.

_____
LARRY BRUMBAUGH, Plaintiff

ANTHONY B. CAMERON - 0374555
Attorney for Plaintiff
529 Hampshire Street, Suite 511
Quincy, IL  62301
Telephone:  (217) 228-8669
Telefax:    (217) 228-2225
Email: dacamara@adams.net
Our File No. 07-1109