E-FILED
Tuesday, 22 April, 2008   09:59:52 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY BRUMBAUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 3:08-cv-3077 |
| | ) | |
| NELSON TREE SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**

Defendant Nelson Tree Service, Inc. ("Nelson Tree"), pursuant to Federal Rule of Civil Procedure 12(b)(6), moves this Court to dismiss Plaintiff Larry Brumbaugh's claims under the Illinois Whistleblower Protection Act (5 ILCS 430/15 *et seq.*) and the Whistleblower Reward and Protection Act (740 ILCS 175/1 *et seq.*) because they fail to state claims upon which relief can be granted.

Specifically, Nelson Tree is entitled to dismissal of the Illinois Whistleblower Protection Act claim because Brumbaugh did not make his alleged complaints to a governmental entity. Nelson Tree is entitled to dismissal of Brumbaugh's Whistleblower Reward and Protection Act claim because Brumbaugh did not make his alleged complaints to a governmental entity and because the claim suffers from procedural deficiencies. The grounds for this Motion are set forth in more detail in the attached Memorandum in Support.

Respectfully submitted,


s/          James A. Hansen
James A. Hansen (6244534)
SCHMIEDESKAMP, ROBERTSON, NEU &
MITCHELL LLP
525 Jersey
P.O. Box 1069
Quincy, IL 62306
(217) 223-3030 phone
(217) 223-1005 fax
jhansen@srnm.com


Todd D. Penney (0059076) (Ohio)
SCHEUER MACKIN & BRESLIN LLC
11025 Reed Hartman Highway
Cincinnati, Ohio 45242
(513) 984-2040 Ext. 219 phone
(513) 984-7944 fax
tpenney@smblaw.net

Attorneys for Defendant Nelson Tree Service, Inc.

- 3 -

## CERTIFICATE OF SERVICE

    I hereby certify that on the 22nd day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Anthony B. Cameron
529 Hampshire Street, Suite 511
Quincy, IL 62301

Counsel for Plaintiff

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: None.

                                        s/_____James A. Hansen_____
                                        James A. Hansen (6244534)
                                        SCHMIEDESKAMP, ROBERTSON, NEU &
                                        MITCHELL LLP
                                        525 Jersey
                                        P.O. Box 1069
                                        Quincy, IL 62306
                                        Telephone: (217) 223-3030
                                        Facsimile: (217) 223-1005
                                        E-mail: jhansen@srnm.com

                                        Attorneys for Defendant Nelson Tree Service, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY BRUMBAUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 3:08-cv-3077 |
| | ) | |
| NELSON TREE SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR PARTIAL DISMISSAL**

On November 9, 2007, Plaintiff Larry Brumbaugh ("Brumbaugh") filed a Complaint containing a single Count but which arguably sets forth three causes of action arising out of his termination from employment by Nelson Tree Service, Inc. ("Nelson Tree").[1] In his Complaint, Brumbaugh appears to assert a common law claim for retaliatory discharge as well as statutory claims under the Illinois Whistleblower Protection Act ("IWPA") and under the Whistleblower Reward and Protection Act ("WRPA"). As will be detailed in the following paragraphs, the claims under the IWPA and the WRPA must be dismissed because, even if the facts as alleged in the Complaint are assumed to be true, Brumbaugh cannot succeed on these claims as a matter of law.

**I.     STATEMENT OF FACTS.**

The facts relevant to this Motion, as alleged in the Complaint and which must be assumed to be true for purposes of this Motion only, are brief and straightforward. Brumbaugh is a

---

[1] A summons in the case was first issued on February 27, 2008 and service was perfected on March 6, 2008. The case was removed to this Court on March 24, 2008 based upon the presence of diversity jurisdiction.

former employee of Nelson Tree whose employment was terminated on June 22, 2007. (Complaint ¶10) Brumbaugh contends that during his employment he complained to three members of Nelson Tree's management regarding what he alleges were "fraudulent travel practices" and "safety violations".[2] (Complaint ¶¶ 6 (a) – (c)) Brumbaugh further contends that the "cost" of the alleged "fraudulent practices" were "necessarily to be passed on to the public utility," namely Ameren/CIPS. (Complaint ¶¶ 2, 6 (d)) Brumbaugh contends that his termination was in direct retaliation for these reports to Nelson Tree's management. (Complaint ¶ 11)

The Complaint contains no other allegations regarding complaints or alleged whistleblowing. As such, Brumbaugh's claims must succeed or fail upon these allegations.

## II. ARGUMENT

The standard used when reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is well settled. A motion to dismiss must be granted where it is clear that a plaintiff can prove no set of facts in support of the claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); *Kennedy v. National Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). When this standard is applied to Brumbaugh's IWPA and WRPA claims, it is clear that Nelson Tree is entitled to dismissal with prejudice of these causes of action.

### A. Brumbaugh's Claim Under the IWPA Must Be Dismissed with Prejudice.

The protections offered by the IWPA are specific and limited. To that end, only two types of retaliation are prohibited by the IWPA's statutory scheme. The first prohibition on

---

[2] Brumbaugh contends that the "safety violations" involved "employees with no driver's license and convicted felons impermissibly on the job." (Complaint ¶¶ 6(b) – (c))

retaliation applies only to an employee who makes certain disclosures "in a court, an administrative hearing, or before a legislative commission or committee, or in any other proceedings…" *See* 740 ILCS 174/15(a). The second prohibition on retaliation contained in the IWPA protects employees who make certain covered disclosures "to a government or law enforcement agency." *See* 740 ILCS 174/15(b). Neither of these protections apply to Brumbaugh.

In this case, Brumbaugh alleges that he was terminated in retaliation for raising concerns to members of Nelson Tree's management. (Complaint ¶¶ 6 (a) – (b), 11) There is no allegation that Brumbaugh testified regarding potential violations of state or federal law in any judicial or administrative proceeding and there is no allegation that Brumbaugh made reports about a violation of state or federal law to the government or to a law enforcement agency. Thus, by the express wording of the statute, Brumbaugh's claim must fail.

Other courts interpreting the IWPA have reached this conclusion. In *Reidlinger v. Hudson Respiratory Care, Inc.,* 478 F. Supp. 2d 1051 (N.D. Ill. 2007), the United States District Court for the Northern District of Illinois reviewed the legislative history of the law and found that to trigger protections under the IWPA an employee must have reported the concerns to an outside governmental agency. *Id.* at 1054 – 1055. In *Robinson v. Morgan Stanley, Discover Financial Services LLC*, 2007 U.S. Dist. LEXIS 70604 (N.D. Ill. 2007), the Court rejected internal complaints as within the protection of the IWPA and held, "Robinson has clearly alleged that she experienced retaliation in response to *internal* complaints made to her employer. This type of activity is not protected by the Whistleblower Act." *Id.* at *18 (italic in original). *See also, Callahan v. Edgewater Case & Rehabilitation Center, Inc.*, 374 Ill. App. 3d 630, 635 (Ill. App. 2007) (in dicta, "[t]he fact that individuals discharged in retaliation for reporting illegal

activities to their supervisors have no right of action under the Whistleblower Act does not compel the conclusion that they have no right of action at all.")

Brumbaugh alleges that he was terminated in response to internal complaints to Nelson Tree's managers. Even if true - - an allegation that Nelson Tree strongly denies - - such a termination is not in violation of the IWPA. Thus, Nelson Tree is entitled to dismissal of this claim as a matter of law.

    B.    <u>Brumbaugh's Claim Under the WRPA must be dismissed with Prejudice.</u>

Just like his claim under the IWPA, Brumbaugh's claim under the WRPA also fails to meet the narrow scope of the enactment's protections. Like the IWPA, the WRPA's anti-retaliation provisions protect an employee who has "disclos[ed] information [concerning a violation of state or federal law] to a government or law enforcement agency" or "who has disclosed information [concerning a violation of state or federal law] in a court, an administrative hearing, before a legislative commission or committee, or in another proceeding....." *See* 740 ILCS 175/3(a) (8) – (9)

As previously noted, Brumbaugh has failed to allege any such conduct. Instead, Brumbaugh allegedly made only internal complaints. "Saber-rattling is not protected conduct. Only investigation, testimony, and litigation are protected..." *United States ex rel. Luckey v. Baxter Healthcare Corp.,* 183 F.3d 730, 733 (7th Cir. 1999). As such, Brumbaugh's WRPA claim must be dismissed on this ground alone.

Further, Brumbaugh's WRPA claim must also be dismissed because it is procedurally flawed. A claim under the WRPA must be brought in the name of the state of Illinois – not by Brumbaugh on his own accord. *See* 740 ILCS 175/4 (b). In addition, a complaint setting forth a WRPA claim must be filed *in camera* with at least 60 days allowed to pass for the Attorney

- 4 -

General's evaluation of a potential intervention. 740 ILCS 175/4 (b)(2). In fact, the Complaint asserting a WRPA claim can only be served following a court order allowing it. *Id.* Brumbaugh has failed to comply with these requirements.

In sum, Nelson Tree is entitled to dismissal of Brumbaugh's WRPA claim because he did not engage in any activity protected by the law and failed to comply with the procedural requirements of asserting such a claim.

### III. CONCLUSION.

For the foregoing reasons, Brumbaugh's claims based upon the two Illinois statutes must be dismissed with prejudice.

Respectfully submitted,

s/            James A. Hansen
James A. Hansen (6244534)
SCHMIEDESKAMP, ROBERTSON, NEU &
MITCHELL LLP
525 Jersey
P.O. Box 1069
Quincy, IL 62306
Telephone: (217) 223-3030
Facsimile: (217) 223-1005
E-mail: jhansen@srnm.com


Todd D. Penney (0059076) (Ohio)
SCHEUER MACKIN & BRESLIN LLC
11025 Reed Hartman Highway
Cincinnati, Ohio 45242
Telephone: (513) 984-2040 Ext. 219
Facsimile: (513) 984-7944
E-mail: tpenney@smblaw.net

Attorneys for Defendant Nelson Tree Service, Inc.