UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LARRY BRUMBAUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:08-cv-3077 |
| v. | ) |
| | ) |
| NELSON TREE SERVICE, INC., | ) |
| | ) |
| Defendant. | ) |

## FIRST AMENDED COMPLAINT

Now comes the Plaintiff, Larry Brumbaugh, by Anthony B. Cameron, his attorney, and for his First Amended Complaint, states:

### THE PARTIES

1.  Larry Brumbaugh is a resident of the State of Illinois and was, prior to the acts complained of herein, employed through the IBEW Local 51 union hall (not a party hereto) as a foreman/lead for Nelson Tree Service, Inc.;

2.  Nelson Tree Service, Inc. is a foreign corporation, duly authorized to do business in the State of Illinois, and doing such business in Quincy, Adams County, Illinois, as directed by a public utility, Ameren/CIPS (not a party hereto);

### COUNT I –RETALIATORY DISCHARGE/
### ILLINOIS WHISTLEBLOWER PROTECTION ACT

3.  Plaintiff incorporates each and every paragraph of the introductory segment of this Complaint entitled **THE PARTIES** into this Count I as if same were set forth herein in haec verba;

4. Your Plaintiff was employed by Defendant and had been employed by either Defendant or its predecessor for in excess of twenty years at the location operated by Defendant Nelson;

5. At all times pertinent hereto, there was in full force and effect a version of the Illinois Whistleblower Protection Act, 5 ILCS 430/15 et seq., and/or, as amended, 740 ILCS 174/1 et seq., (hereinafter "IWPA");

6. At all times pertinent hereto, Defendant was an employer as set forth in the definitions of the IWPA;

7. (a) On or about November 9, 2005, Plaintiff reported to Don Cox, an official of Nelson, corrupt practices involving the billing of excessive and fraudulent travel expenses by Nelson, a public utility Ameren/CIPS;

(b) On or about November 15, 2005, your Plaintiff reported those same corrupt practices as well as safety violations involving employees with no driver licenses or no CDL endorsements, no required environmental permit known as "spray" licenses required of foresters and convicted felons (expressly barred from this work area) all to JoAnn Swank, a member of Nelson management;

(c) On or about November 16, 2005, your Plaintiff reported those same corrupt practices as well as safety violations involving employees with no driver licenses or no CDL endorsements, no required environmental permit known as "spray" licenses required of foresters and convicted felons (expressly barred from this work area)

all to Ralph Thurman, a member of Nelson management, specifically responsible for matters of workplace or public safety;

(d) The cost of said fraudulent practices was necessarily to be passed on to the public utility, which would necessarily and ultimately be passed on to electricity consumers;

(e) At all times pertinent hereto, Nelson maintained a duty to maintain workplace safety and, as regards, spray licenses and CDL operations was a mandated reporter of its employees engaged in such activity to the relevant government agencies;

8. (a) Corrupt and fraudulent travel practices in relation to public utility are now and were at all times pertinent hereto against the public policy of the State of Illinois;

(b) Concealing or "covering up" travel fraud and corruption impacting a public utility is now and was at all times pertinent hereto against the public policy of the State of Illinois;

(c) Unsafe workplace practices in and around public utility lines and equipment is now and was at all times pertinent hereto against the public policy of the State of Illinois;

(d) Concealing an employer allowing or directing unlicensed commercial vehicle operation and/or unlicensed pesticide or chemical spray are against the public policy of the state of Illinois;

9. As a matter of law, that report entitled your Plaintiff to the protection of the Act;

10. Your Plaintiff was exposed to undue scrutiny, false accusations of failing to perform certain functions, demoted, tendered non-emergency work in remote areas more than 100 miles from his home, and ultimately terminated as set forth below.

11. Upon information and belief, your Plaintiff asserts the difficulty inflicted upon her by Defendant and the ultimate decision to terminate her was in direct retaliation to her protected activity of reporting impermissible workplace violence;

WHEREFORE, your Plaintiff prays for all of his rights and remedies under the Act, including without limitation to:

A. Restoration to work;

B. Two times back pay;

C. All attorney's fees;

D. Damages of all other consequential types and the tripling of said damages after a basic damage figure is arrived upon;

E. The exercise of the supervisory power of this court to prevent similar retaliatory behavior upon his return to the workplace;

F. For such other and further relief as the Court may deem just and lawful in the premises; and

G. For his costs.

### COUNT II —COMMON LAW RETALIATORY DISCHARGE

Now comes the Plaintiff, Larry Brumbaugh, by Anthony B. Cameron, his attorney, and for his First Amended Complaint, states:

12. Plaintiff hereby expressly incorporates each and every paragraph of Count I as if same were set forth herein in <u>haec</u> <u>verba</u>;

13. Terminating Plaintiff in retaliation for his reports of fraudulent and unlawful activity was, and is, against the stated public policy of the State of Illinois;

WHEREFORE, your Plaintiff prays for all of his rights and remedies under the Act, including without limitation to:

A. Restoration to work;

B. Back pay;

C. All attorney's fees;

D. Damages of all other consequential types;

E. The exercise of the supervisory power of this court to prevent similar retaliatory behavior upon his return to the workplace;

F. For such other and further relief as the Court may deem just and lawful in the premises; and

G. For his costs.

LARRY BRUMBAUGH, Plaintiff


By: /s/ Anthony B. Cameron
ANTHONY B. CAMERON,
His Attorney


ANTHONY B. CAMERON - Illinois Bar 0374555
Attorney for Plaintiff
529 Hampshire Street - Suite 511
Quincy, IL  62301
Telephone: (217) 228-8669
Telefax:   (217) 228-2225
Our File No. 07-1109

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 30, 2008, I electronically filed the foregoing with the Clerk of the Court using the ECF system that will send notification of such filing to the following:

Mr. James A. Hansen
Schmiedeskamp, Robertson, Neu & Mitchell
Attorneys at Law
P.O. Box 1069
525 Jersey Street
Quincy, IL  62306

                                           /s/ Anthony B. Cameron
                                            Anthony B. Cameron