UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LARRY BRUMBAUGH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 3:08-cv-3077 |
| ) | |
| NELSON TREE SERVICE, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR PARTIAL DISMISSAL
OF FIRST AMENDED COMPLAINT

On November 9, 2007, Plaintiff Larry Brumbaugh filed his initial complaint in Illinois state court in which he alleged three causes of action arising out of his termination from employment by Nelson Tree Service, Inc. ("Nelson Tree"). On March 25, 2008, Nelson Tree removed the case to this Court due to the presence of diversity jurisdiction and on April 22, 2008, Nelson Tree moved to dismiss Brumbaugh's claims under the Illinois Whistleblower Protection Act ("IWPA") and under the Whistleblower Reward and Protection Act ("WRPA").

In response to Nelson Tree's motion, on May 30, 2008 Brumbaugh filed his First Amended Complaint in this case. In his First Amended Complaint, Brumbaugh abandoned his claim under the WRPA but continued to assert his common law claim for retaliatory discharge and his claim under the IWPA. As will be detailed in the following paragraphs, despite his amendments Brumbaugh's claim under the IWPA must be dismissed because, even if the facts as alleged in the First Amended Complaint are assumed to be true, Brumbaugh cannot succeed on this claim as a matter of law.

I.   STATEMENT OF FACTS.

The facts relevant to this Motion, as alleged in the First Amended Complaint and which must be assumed to be true only for purposes of this Motion, are brief and straightforward. Brumbaugh is a former employee of Nelson Tree. (Amended Complaint ¶ 4). Brumbaugh contends that during his employment with Nelson Tree he was subjected to unfavorable treatment. Brumbaugh's employment was ultimately terminated by Nelson Tree. (Amended Complaint ¶¶ 10-11).

In an attempt to establish protected activity, Brumbaugh contends that during his employment he made specific complaints to three members of Nelson Tree's management regarding what he alleges were "corrupt practices involving the billing of excessive and fraudulent travel practices" to a public utility and safety violations.[1]   (Amended Complaint ¶¶ 7 (a) – (c)). Brumbaugh contends that his termination was in direct retaliation for these reports to Nelson Tree's management.[2]

Significantly, Brumbaugh does not allege that he made any complaints about these issues directly to any governmental entity. In fact, the First Amended Complaint contains no other allegations regarding any complaints or alleged whistleblowing. As such, Brumbaugh's claim must succeed or fail upon these limited allegations.

---

[1] Brumbaugh contends that the "safety violations" involved "employees with no driver's licenses or no CDL endorsements, no required environmental permit known as 'spray' licenses required of foresters and convicted felons . . . ." (Amended Complaint ¶¶ 7(b) – (c))

[2] It appears that Brumbaugh's First Amended Complaint contains a misplaced "cut and paste" from another pleading in that Paragraph 11 refers to the Plaintiff as a "her" on three occasions and suggests that the retaliation was in response to "reporting impermissible workplace violence." Because this allegation is inconsistent with the allegations in the original complaint and inconsistent with the remainder of the First Amended Complaint, Nelson Tree has assumed the alleged retaliation is asserted to be in response to the items identified in Paragraphs 7(a)-(c). To the extent that Brumbaugh is contending that the retaliation is actually in response to reports of workplace violence, such complaints are not actionable under the IWPA and Nelson Tree is still entitled to dismissal of the claim.

II. ARGUMENT.

The standard used when reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is well settled. A motion to dismiss must be granted where it is clear that a plaintiff can prove no set of facts in support of the claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); *Kennedy v. National Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). When this standard is applied to Brumbaugh's IWPA claim, it is clear that Nelson Tree is entitled to dismissal with prejudice of this cause of action.

A. Brumbaugh's Claim Under the IWPA Must Be Dismissed with Prejudice.

The protections offered by the IWPA are specific and limited. To that end, only two types of retaliation are prohibited by the IWPA's statutory scheme. The first prohibition on retaliation applies only to an employee who makes certain disclosures "in a court, an administrative hearing, or before a legislative commission or committee, or in any other proceedings…" *See* 740 ILCS 174/15(a). The second prohibition on retaliation contained in the IWPA protects employees who make certain covered disclosures "to a government or law enforcement agency." *See* 740 ILCS 174/15(b). Neither of these protections apply to the conduct alleged by Brumbaugh.

In this case, Brumbaugh alleges that he was terminated in retaliation for raising concerns to members of Nelson Tree's management. (Amended Complaint ¶¶ 7(a) – (c)). There is no allegation that Brumbaugh testified regarding potential violations of state or federal law in any judicial or administrative proceeding and there is no allegation that Brumbaugh made reports about a violation of state or federal law to the government or to a law enforcement agency. Thus, by the express wording of the statute, Brumbaugh's claim must fail.

Other courts interpreting the IWPA have reached this conclusion. In *Reidlinger v. Hudson Respiratory Care, Inc.*, 478 F. Supp. 2d 1051 (N.D. Ill. 2007), the United States District

Court for the Northern District of Illinois reviewed the legislative history of the law and found that to trigger protections under the IWPA an employee must have reported the concerns to an outside governmental agency. *Id.* at 1054 – 1055.  In *Robinson v. Morgan Stanley, Discover Financial Services LLC*, 2007 U.S. Dist. LEXIS 70604 (N.D. Ill. 2007), the Court rejected internal complaints as within the protection of the IWPA and held, "Robinson has clearly alleged that she experienced retaliation in response to *internal* complaints made to her employer.  This type of activity is not protected by the Whistleblower Act." *Id.* at *18 (italic in original).  *See also, Callahan v. Edgewater Case & Rehabilitation Center, Inc.*, 374 Ill. App. 3d 630, 635 (Ill. App. 2007) (in dicta, "[t]he fact that individuals discharged in retaliation for reporting illegal activities to their supervisors have no right of action under the Whistleblower Act does not compel the conclusion that they have no right of action at all.")

In his First Amended Complaint, Brumbaugh alleges only that he was terminated in response to internal complaints to Nelson Tree's managers.  According to Brumbaugh, he complained to "Don Cox, an official of Nelson," to "JoAnn Swank, a member of Nelson management," and to "Ralph Thurman, a member of Nelson management." (Amended Complaint ¶¶ 7 (a) – (c)).  There is no allegation that Brumbaugh voiced his concerns "to a government or law enforcement agency" as required by the IWPA.  Thus, even if Brumbaugh was terminated in response to the internal complaints he identifies in the First Amended Complaint - - an allegation that Nelson Tree strongly denies - - such a termination is not a violation of the IWPA as a matter of law.  Thus, Nelson Tree is entitled to dismissal of Brumbaugh's IWPA claim.

II.  CONCLUSION.

For the foregoing reasons, Brumbaugh's claim based upon the Illinois Whistleblower Protection Act must be dismissed with prejudice.

Respectfully submitted,

_/S/ James A. Hansen_
James A. Hansen (6244534)
SCHMIEDESKAMP, ROBERTSON, NEU & MITCHELL LLP
525 Jersey
P.O. Box 1069
Quincy, IL 62306
(217) 223-3030 phone
(217) 223-1005 fax
jhansen@srnm.com


Todd D. Penney (0059076) (Ohio)
SCHEUER MACKIN & BRESLIN LLC
11025 Reed Hartman Highway
Cincinnati, Ohio  45242
(513) 984-2040 Ext. 219 phone
(513) 984-7944 fax
tpenney@smblaw.net

Attorneys for Defendant Nelson Tree Service, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Anthony B. Cameron
529 Hampshire Street, Suite 511
Quincy, IL 62301
Counsel for Plaintiff

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: None.

s/            James A. Hansen
James A. Hansen (6244534)
SCHMIEDESKAMP, ROBERTSON, NEU & MITCHELL LLP
525 Jersey
P.O. Box 1069
Quincy, IL 62306
Telephone: (217) 223-3030
Facsimile: (217) 223-1005
E-mail: jhansen@srnm.com