UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LARRY BRUMBAUGH, | ) |
|       Plaintiff, | ) |
| | )   No. 3:08-cv-3077 |
|       v. | ) |
| NELSON TREE SERVICE, INC., | ) |
|       Defendant. | ) |

**RESPONSE TO DEFENDANT NELSON TREE SERVICE'S MOTION TO DISMISS COUNT I OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

Now comes the Plaintiff, Larry Brumbaugh, through his attorney, Anthony B. Cameron, and for his Response to Defendant Nelson Tree Service's Motion to Dismiss Count I of Plaintiff's First Amended Complaint, states as follows:

Defendant argues that Plaintiff does not make out a cause of action under the IWBA because he neither testified in court (which Plaintiff does not claim to have done) or given information to a prosecutive agency.

Defendant's memorandum correctly describes the general status of the law with respect to the requirement that complaints must be made to someone with governmental, regulatory responsibilities if they are not made in in-court testimony.

What your Plaintiff contends that Defendant overlooks is in modern commercial transportation the absence of a bright line between a prosecutive agency and an employer being a mandated reporter or a mandated enforcement agent for purposes of workplace safety and commercial vehicle control.  Under the "CDL" scheme, the Motor Carrier Safety Improvement Act of 1999, 49 USC 31100 et. seq. and its more recent amendments as well as the regulations of the Federal

Motor Carriers Safety Administration and the United States Department of Transportation rules, the employer is an important facet of the regulatory system through and including a requirement to report certain conditions to the federal government. The Federal Motor Carrier Safety Administration Regulation 383.37 and USDOT Rules 49 CFR Section 40 et. seq. and Section 40, in particular.

Among other things, employers have duties to examine CDL credentials, duties to "stand down" offending drivers and duties to report in to a centralized system safety, drug or other violations so that they be known to subsequent employers and to licensing authorities, Federal Motor Carrier Safety Administration and USDOT. In other words, simply put, where Mr. Brumbaugh was reporting such abuses to, just for an example, Joann Swank, he was actually talking to a vital member of the regulatory/prosecutive machinery for the nation-wide motor carrier safety effort. In modern safety enforcement, there is really nothing unusual about a mandated reporter/information/sharing scheme. Teachers are mandated reporters for child abuse. Licensed Practical Nurses are mandated reporters in elder care.

As nearly as your Plaintiff can determine, this is a case of first impression in Illinois. The intention of Section 15(b) is clearly to protect those who begin or who potentially begin the regulatory or prosecutive machinery. Where a member of the employer's management team has a mandated reporter duty and an obligation to act as an arm of enforcement for a public safety regulatory scheme is impracticable to determine, without an opportunity to adduce proof where the prosecutive regulatory chain begins. *Robinson* and *Callahan*, cited by Defendant make no argument that the employer was in an occupation where management was required, by the mere thrust of the business in which they engaged, to exercise

mandated reporting and regulatory oversight tasks as a condition of their being in that business.

Your Plaintiff contends that his reporting the violations stated to a party with employer responsibilities under the DOT regulations and the Federal Motor Carrier Safety Administration regulations, all part of the commercial driver scheme adopted by the United States of America, render him eligible for the protection of the Act.

Finally, your Plaintiff makes no argument relative to Count II, in that it is not attacked by the current motion.

WHEREFORE, your Plaintiff prays for such an order.

                              LARRY BRUMBAUGH, Plaintiff


By  /s/ Anthony B. Cameron
    Anthony B. Cameron,
    His Attorney


ANTHONY B. CAMERON - 0374555
Attorney for Plaintiff
529 Hampshire Street - Suite 511
Quincy, IL  62301
Telephone:  (217) 228-8669
Telefax:     (217) 228-2225
Email:  dacamara@adams.net
Our File No. 07-1109

## CERTIFICATE OF SERVICE

    I hereby certify that on July 22, 2008, I electronically filed the foregoing with the Clerk of the Court using the ECF system that will send notification of such filing to the following:

Mr. James A. Hansen
Schmiedeskamp, Robertson, Neu & Mitchell
Attorneys at Law
P.O. Box 1069
525 Jersey Street
Quincy, IL  62306

                                                /s/ Anthony B. Cameron
                                                   Anthony B. Cameron