IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY BRUMBAUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08-3077 |
| | ) | |
| NELSON TREE SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Nelson Tree Service, Inc.'s (Nelson) Motion for Partial Dismissal of First Amended Complaint (d/e 8).  For the reasons set forth below, the Motion is allowed.

For purposes of the Motion, the Court must accept as true all well-pleaded factual allegations contained in the First Amended Complaint (d/e 5) (Complaint) and draw all inferences in the light most favorable to Plaintiff Larry Brumbaugh.  Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).  When read in that light, the Complaint must set forth a short and plain statement of the claim showing that Brumbaugh

1

is entitled to relief.  Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, __ U.S.__, 127 S.Ct. 1955, 1969 (2007); Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC, 499 F.3d 663 (7th Cir. 2007).

The Complaint alleges that Brumbaugh was employed by Nelson, or its predecessor, for more than twenty years.  On or about November 9, 2005, Brumbaugh reported corrupt practices involving fraudulent billing to Don Cox, an official at Nelson.  On or about November 15, 2005, Brumbaugh reported to JoAnn Swank, a member of Nelson management, the same corrupt billing practices, as well as safety violations committed by Nelson employees. On or about November 16, 23005, Brumbaugh reported the same two matters to Ralph Thurman, a member of Nelson management specifically responsible for workplace safety.  As a result of these reports, Brumbaugh was exposed to undue scrutiny, false accusations of failing to perform certain functions, demoted, tendered non-emergency work in remote areas more than 100 miles from home, and ultimately terminated.

Count I of the Complaint alleges a claim under the Illinois Whistleblower Protection Act, 740 ILCS 174/1 et seq (Act).  Nelson moves to dismiss Count I.  Count I must be dismissed.  The Act prohibits retaliation by an employer when an employee reports improper conduct to

a government or law enforcement agency or testifies about such conduct in court, an administrative hearing, a legislative hearing, or other proceeding. 740 ILCS 174/15.  Brumbaugh does not allege that he reported matters to any government official or testified at any proceeding.  He fails to state a claim under the Act.

Brumbaugh argues that Nelson officials are government officials because Nelson was a mandated reporter of certain matters under the Motor Carrier Safety Improvement Act of 1999 and the Illinois commercial drivers license laws.  49 U.S.C. § 31100.  The Court declines to extend the Act beyond its stated terms.  Brumbaugh does not allege that he reported anything to any government or law enforcement agency, or testified at any proceeding of any kind.  He fails to state a claim in Count I of the Complaint.

THEREFORE, Defendant Nelson Tree Service, Inc.'s Motion for Partial Dismissal of First Amended Complaint (d/e 8) is ALLOWED. Count I of the First Amended Complaint (d/e 5) is dismissed with prejudice.
IT IS THEREFORE SO ORDERED.

ENTER:   September 15, 2008

    FOR THE COURT:

                                                      s/ Jeanne E. Scott
                                               JEANNE E. SCOTT
                                  UNITED STATES DISTRICT JUDGE