IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY BRUMBAUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08-3077 |
| | ) | |
| NELSON TREE SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Nelson Tree Service, Inc.'s (Nelson) Motion for Summary Judgment (d/e 23), and Plaintiff Larry Brumbaugh's Motion to Strike (d/e 27).  For the reasons set forth below the Motion for Summary Judgment is ALLOWED, and the Motion to Strike is DENIED as moot.

MOTION TO STRIKE

Brumbaugh brings an Illinois common law claim for wrongful discharge against his former employer, Nelson.  Brumbaugh was a union employee covered by a Collective Bargaining Agreement (CBA).  Pursuant to the CBA, Brumbaugh grieved his termination.  Nelson submitted the

1

arbitrator's Decision on the grievance (Arbitrator's Decision) to support the Motion for Summary Judgment. <u>Memorandum in Support of Defendant's Motion for Summary Judgment (d/e 24) (Nelson Memorandum)</u>, Exhibit A, <u>Affidavit of Don Cox,</u> attached <u>Arbitrator's Decision</u>. Brumbaugh asks the Court to strike the Arbitrator's Decision. The Court does not need to decide the Motion to Strike because the Arbitrator's Decision would not affect the outcome of the Motion for Summary Judgment. The Motion for Summary Judgment should be allowed for the reasons set forth below, regardless of the Arbitrator's Decision. The Court, therefore, will not consider the Arbitrator's Decision and denies the Motion to Strike as moot.

MOTION FOR SUMMARY JUDGMENT

STATEMENT OF FACTS

Nelson provides tree trimming services in Illinois and throughout the country. In November 2005, Brumbaugh was a foreman on one of Nelson's crews in Quincy, Illinois. Brumbaugh was an at-will, union employee covered by the CBA. On November 9, 2005, Brumbaugh was laid off. In response to the layoff, Brumbaugh complained to the Union and called Nelson's regional manager Don Cox. Brumbaugh reported to Cox that some of Nelson's employees were engaged in the following improper conduct: (1)

local police had checked a crew for drugs but found nothing; (2) sometimes employees were paid for more hours than they actually worked; (3) at least one employee came to work under the influence of alcohol; (4) some employees did not have required licenses to spray insecticides; (5) the general foreman Todd Boyer spent time during an out-of-town job trying to get work for his own business; (6) a crew drove an unusual distance to its work site while on the clock; and (7) some employees were given advance warning of company-required drug testing. Nelson Memorandum, Undisputed Facts, ¶¶ 1, 4-6; Response to Motion for Summary Judgment (d/e 28) (Brumbaugh Response), at 3-4.

On November 15, 2005, Brumbaugh called Nelson's home office in Ohio and spoke to a Nelson executive named Jo Ann Swank. Brumbaugh told Swank about the same problems that he related to Cox. Swank told Brumbaugh that she would contact Ralph Thurman, Nelson's Safety Specialist for Brumbaugh's area, and have him investigate the matter. Nelson Memorandum, Undisputed Facts, ¶ 8; Response to Motion for Summary Judgment (d/e 28) (Brumbaugh Response), at 4.

On November 16, 2005, Brumbaugh returned to work for Nelson as a journeyman pursuant to an agreement between Nelson and the Union.

3

On that day, Brumbaugh spoke to Thurman. Brumbaugh relayed the same concerns to Thurman, and also mentioned that Boyer had allowed an employee who did not have a commercial driver's license to drive a company truck.

Brumbaugh did not discuss any of his concerns with Cox, Swank, or Thurman after November 16, 2005. Nelson Memorandum, Undisputed Facts, ¶¶ 7, 9, 11; Brumbaugh Response, at 4. Brumbaugh, however, stated in his deposition that he continued to raise his concerns with his immediate supervisors Boyer and Ben Tripp. Nelson Memorandum, Exhibit B, Deposition of Larry Brumbaugh, at 94-95.[1]

Brumbaugh received discipline in the form of documented verbal warnings in late 2005 through January 2006. Id., at 89. In October 2006, however, Nelson promoted Brumbaugh back to foreman. Brumbaugh's

---

[1] Brumbaugh states in his Answers to Interrogatories that he raised additional concerns to Cox, Swank and Thurman in November 2005, and that he raised even more concerns to Boyer and Tripp thereafter. Brumbaugh Response, Attachment A, Answers to Interrogatories. Brumbaugh, however, agreed that he only raised the concerns identified above with Cox, Swank, and Thurman. Nelson Memorandum, Undisputed Facts, ¶¶ 1, 6, 8, 9 11; Brumbaugh Response, at 3-4. In addition, many of the statements in the Brumbaugh's Answers to Interrogatories are argumentative, conclusory, and without proper foundation because the assertions are outside of Brumbaugh's personal knowledge. Even if the Court accepted as true, for purposes of the Motion, that Brumbaugh raised all of the concerns listed in the Answers to Interrogatories, the outcome of this case would not change. As explained below, Brumbaugh cannot establish causation because Nelson had a valid, non-pretextual reason for the discharge. Thus, the nature of the concerns raised would not affect the outcome.

employment with Nelson was terminated effective June 6, 2007, because he was insubordinate in refusing to go to Mason City, Illinois, to perform assigned work. Nelson Memorandum, Statement of Undisputed Facts, ¶ 12; Brumbaugh Response, at 4. Brumbaugh then brought this Illinois common law claim for retaliatory discharge against Nelson.

## ANALYSIS

Nelson now moves for summary judgment. At summary judgment, Nelson must present evidence that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The Court must consider the evidence presented in the light most favorable to Brumbaugh. Any doubt as to the existence of a genuine issue for trial must be resolved against Nelson. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once Nelson has met its burden, Brumbaugh must present evidence to show that issues of fact remain with respect to an issue essential to his case, and on which he will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). After careful review, the Court finds that Brumbaugh has failed to present evidence of retaliatory discharge. Nelson, therefore, is entitled to summary judgment.

5

To establish an Illinois common law claim for retaliatory discharge, Brumbaugh must present evidence that: (1) he was discharged; (2) the discharge was motivated by his activities; and (3) his activities were protected by a clearly mandated public policy. Clemons v. Mechanical Devices Co., 184 Ill.2d 328, 336, 704 N.E.2d 403, 407 (1998); Hartlein v. Illinois Power Co., 151 Ill.2d 142, 160, 601 N.E.2d 720, 728 (Ill. 1992). Brumbaugh cannot establish the element of causation, however, if Nelson had a valid, non-pretextual basis for the discharge. Dotson v. BRP U.S. Inc., 520 F.3d 703, 707 (7th Cir. 2008); Hartlein, 601 N.E.2d at 728; Crampton v. Abbott Laboratories, 186 F.Supp.2d 850, 856 (N.D.Ill. 2002).

In this case, Nelson fired Brumbaugh because he was insubordinate. He was instructed to perform work in Mason City, Illinois, and he refused. Brumbaugh agrees that he was fired because he was insubordinate. Brumbaugh Response, at 4, ¶ 12. Thus, it is undisputed that Nelson had a valid, non-pretextual reason for the discharge. Brumbaugh cannot establish the element of causation. Hartlein, 601 N.E.2d at 728. Nelson is entitled to summary judgment.

THEREFORE, Defendant Nelson Tree Service, Inc.'s Motion for Summary Judgment (d/e 23) is ALLOWED, and Plaintiff Larry

Brumbaugh's Motion to Strike (d/e 27) is DENIED as moot. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: December 9, 2009

    FOR THE COURT:

                                      s/ Jeanne E. Scott
                                      JEANNE E. SCOTT
                            UNITED STATES DISTRICT JUDGE